UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------x
UNITED METRO ENERGY CORP.,

              Plaintiff,

    -against-

LOCAL 553, I.B.T.,

              Defendant.
-----------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 1:22-cv-00151-FB-RLM

Appearances:
*For the Plaintiffs*:
JONATHAN D. FARRELL
LARRY R. MARTINEZ
RICHARD M. HOWARD
ANA GETIASHVILI
Meltzer Lippe Goldstein & Breitstone LLP
190 Willis Avenue
Mineola, New York 11501

*For the Defendants*:
JAY W. CHUN
Friedman & Anspach
1500 Broadway, 23rd Floor
New York, New York
10036

**BLOCK, Senior District Judge:**

Defendant Local 553, I.B.T. (the "Union") moves for dismissal of plaintiff United Metro Energy Corp.'s ("UMEC") complaint pursuant to Rule 12(b)(6), arguing that the matter must be arbitrated. This Court grants the motion.

## I.

UMEC provides various fuels and heating oils to the New York metro area. The Union is a Teamsters local representing, among others, drivers who deliver UMEC's fuels.

1

The tangled relationship between UMEC and the Union includes at least three contracts relevant to the dispute before this Court. Each contract has been appended to the Complaint, and therefore may be considered on a motion to dismiss.[1] First, the parties were bound by what they refer to as the "Bulk Contract." While negotiating the Bulk Contract's extension, the Union proposed that five senior drivers be governed by a separate, multi-employer collective bargaining agreement called the "Master Contract." Ultimately, the parties executed a Memorandum of Agreement (the "MOA") extending the Bulk Contract to an expiration date of February 28, 2021. The MOA also provided that the Union's five most senior drivers would be covered by the Master Contract, and that UMEC would "honor and be bound by" the Master Contract.

Both the Bulk Contract and the Master Contract include arbitration clauses. The Bulk Contract provides that:

> Should any difference or dispute arise during the life of this Agreement regarding the meaning, interpretation, or application of any of the provisions of this Agreement, . . . . then the matter shall be submitted to arbitration, upon forty eight (48) hours written notice by either party to the other to an arbitrator who is mutually acceptable to the Union and the Employer, or in the event the parties are unable to agree on a mutually acceptable arbitrator, to an arbitrator designated by the New

---

[1] A complaint is "deemed to include any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are 'integral' to the complaint." *Sierra Club v. Con-Strux, LLC*, 911 F.3d 85, 88 (2d Cir. 2018) (quoting *Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004)).

York State Employment Relations Board, or to the American Arbitration Association under its rules and regulations. The decision of the Arbitrator shall be final and binding upon both parties and shall be fully enforceable in law, or in equity . . . .

Complaint, Ex. C at Article VIII.

The Master Contract, meanwhile, provides that:

Should any difference or dispute arise during the life of this Agreement regarding the meaning, interpretation, or application of any of the provisions of this agreement, or regarding any other grievance which may arise between the parties, which cannot be adjusted by the representatives of Local 553, I.B.T., and the concerned Employer and/or the concerned Employer association, the same is to be submitted to arbitration . . . .

Complaint, Ex. A at § 35.

In or about February 2020, the Union demanded arbitration to determine issues relating to the compensation and benefits of its senior drivers. The UMEC refused to arbitrate, instead initiating this lawsuit to enjoin arbitration.

## II.

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). The pleading must offer more than "bare assertions,"

"conclusory" allegations, and a "formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 678.

"Federal policy strongly favors arbitration as an alternative dispute resolution process." *David L. Threlkeld & Co. v. Metallgesellschaft Ltd.*, 923 F.2d 245, 248 (2d Cir. 1991). Where a contract contains an arbitration clause "there is a presumption of arbitrability in the sense that an order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *AT & T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986) (internal quotations omitted). "This presumption is particularly applicable where . . . the arbitration clause is broad." *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Local 4-5025 v. E.I. DuPont de Nemours & Co.*, 565 F.3d 99, 102 (2d Cir. 2009) (internal quotation marks and citation omitted).

## III.

Here, the Bulk Contract's arbitration clause must be enforced. "[P]arties to a contract are plainly free to incorporate by reference, and bind themselves . . . to, terms that may be found in other agreements." *Aceros Prefabricados, S. A. v. TradeArbed, Inc.*, 282 F.3d 92, 97 (2d Cir. 2002). That is what the parties have done here. The MOA provides that Bulk Contract "shall continue in full force and effect

. . . except for the modifications below." Compl. Ex. D at 2. None of the modifications in the MOA pertained to the arbitration clause; thus, the arbitration clause remained in effect. It provides that any dispute about the "the meaning, interpretation, or application of any of the provisions of [the Bulk Contract]" must be submitted to arbitration. That is what the dispute at hand is: whether certain drivers receive the benefit of the Bulk Contract or of the Master Contract. Moreover, the MOA requires UMEC to "honor and be bound by and execute [the Master Contract]," which also includes an arbitration clause. UMEC's argument that the MOA itself must contain an arbitration clause itself is meritless.

The Union's motion is granted, and the matter must be submitted to arbitration, pursuant to the agreements between UMEC and the Union.

**SO ORDERED.**

/s/ Frederic Block
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
July 1, 2022